MARTIN, Special Administratrix, Appellant, vs. BARRY TRANSFER & STORAGE COMPANY, Respondent.

*May 12—June 10, 1947.*

*John L. Schlatterer* of Milwaukee, and *F. W. Cosgrove* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Kenneth M. McLeod,* attorney, and *Joseph D. Donohue* of counsel, both of Fond du Lac, and oral argument by *Mr. McLeod.*

RECTOR, J.   The appellant argues that the court committed prejudicial error in the conduct of the trial and also erred in changing the jury's answers in the special verdict.

The claimed errors in the conduct of the trial are that the judge improperly commented upon the merits of the case in the presence of a juror, that he made other improper comments in open court, including remarks during the examination of witnesses, and that an adverse examination of Mrs. Baird bearing primarily upon Martin's negligence should not have been received in evidence.   In our view the evidence would not permit of a finding of causal negligence on Balcerowski's part and, such being the case, if the claimed errors occurred, they could not have been prejudicial to the appellant.

The physical facts demonstrate that Balcerowski was operating his vehicle on the proper side of the highway at the time of the collision.   He had partially turned off the pavement prior to the collision and it occurred at least two feet west of the center line of the highway.   The jury could not properly have found otherwise than that Balcerowski was operating his truck within the proper lane of travel at that time.   Had it found otherwise, it would have been the duty of the court to change its answer.   *Holborn v. Coombs* (1932), 209 Wis. 556, 245 N. W. 673; *Burns v. Weyker* (1935), 218 Wis. 363, 261 N. W. 244.   Nor could Balcerowski have been found negligent as to his line of travel prior to the accident.   Mrs. Baird said that when she saw the truck approaching three hundred to five hundred feet away it was across the center line to the east.   Assuming this were so, the truck was turned to the proper side of the road and off the pavement onto the shoulder north of the point of collision.   There is no basis for a conclusion that operation of the truck east of the center line prior to the collision, as stated by Mrs. Baird, could explain Martin's crossing the center line to the west.   In fact, Mrs. Baird testified that as she remarked about the truck approach-

ing to the east of the center line, Martin turned his car further to his right, or to the east, until it suddenly swerved to the west. Assuming that the jury were to have believed Mrs. Baird's testimony, it could not have found causal negligence as to Balcerowski's line of travel prior to the accident, and there is no other evidence from which it could have found such negligence.

There is no basis in the evidence for the finding that Balcerowski was causally negligent with respect to control and management. He said that he applied the brakes to the truck and trailer and it is certain that he turned off the pavement prior to the accident. He was not required to anticipate that Martin's car would cross the center line to the west and there is no showing that when he observed that it was doing so, he could have done anything that he did not do to avoid the accident.

The foregoing discussion is sufficient to dispose of the contention that the court erred in changing the jury's answers. Since, as we hold, the court properly changed the answers relating to Balcerowski's management and control and the percentage of negligence attributable to him, there is no occasion to consider whether it properly attributed entire responsibility for the accident to Martin. That matter is not relevant, although it would be in relation to the other two cases, neither of which is here.

*By the Court.*—Judgment affirmed.